# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JERRELL VANN**<br><br>*Plaintiff,*<br><br>v.<br><br>**REY LOGISTICS, INC. and PRIME INSURANCE COMPANY**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:25-cv-00210-TES** |

## ORDER GRANTING DEFENDANT
## PRIME INSURANCE COMPANY'S MOTION TO DISMISS

On May 17, 2023, Plaintiff was operating a forklift at a loading dock and loading a tractor-trailer with ceiling tiles. [Doc. 1, ¶¶ 7, 12, 18]. An employee of Defendant Rey Logistics caused the tractor-trailer to roll away from the loading dock. [*Id.*, ¶¶ 14, 17]. Because the tractor-trailer rolled away from the loading dock, Plaintiff and the forklift fell to the ground, resulting in bodily injury to Plaintiff. [*Id.*, ¶¶ 17, 18].

Plaintiff alleges that Defendant Prime Insurance Company, Inc. ("Prime") issued an insurance policy to Defendant Rey Logistics covering both Rey Logistics and its employee for this accident. [*Id.*, ¶¶ 11, 16]. Plaintiff's argument is that Prime is liable under Georgia's direct-action laws. [*Id.*, ¶ 27]. Plaintiff furthermore alleges that his injuries and damages are "a direct and proximate result of the Defendants' negligence

whether aid negligence is direct, statutorily, or vicariously derived" and that he seeks to recover damages "caused by the negligence of the Defendants." [*Id.*, ¶¶ 28, 29]. Plaintiff asserts that "Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover the costs of this action and attorney's fees pursuant to O.C.G.A. § 13-6-11." [*Id.*, ¶ 30].

## SHOTGUN PLEADING

The Court must first note that Plaintiff's Complaint is a shotgun pleading. So far, the Eleventh Circuit has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* To explain the Court's concern with Plaintiff's Complaint as drafted, the inherent issue in this type of pleading is that the district court, as well as all named defendants, must "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The burden to draft a rule-compliant, comprehensible pleading rests solely upon plaintiffs. *Bryant v. Norfolk S. R.R.*, No. 5:20-cv-00225-TES, 2020 WL 5521044, at *5 (M.D. Ga. Sept. 14, 2020). The onus to "sift through facts presented" to determine which factual allegations apply to which claims should never fall to a defendant or to a district court. *Id.*; *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1385 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading."). While the Court does not strike Plaintiff's Complaint, it does note that Plaintiff made the Court's job notably more difficult.

## **LEGAL STANDARD**

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), district courts must accept the facts set forth in the complaint as true. *Twombly*, 550 U.S. at 572. A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify

4

conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## **DISCUSSION**

Prime's first contention is that Georgia's direct-action statutes do not allow Plaintiff to maintain these direct claims for negligence and vicarious liability against Prime. In several instances, Plaintiff's Complaint characterized all Defendants, including Prime, as being liable for negligence as well as all economic and non-economic damages and attorney's fees. *See* [Doc. 1, pp. 5–6]. However, as Prime has

5

correctly pointed out, "[t]he insurer 'is neither a joint tortfeasor nor responsible for the motor carrier's negligent conduct under a theory of vicarious liability.'" [Doc. 13, p. 4 (citing *Myrick v. Stephanos*, 220 Ga. App. 520, 520 (1996))]. In fact, Plaintiff has conceded this point in his Response [Doc. 16], noting that "Plaintiff does not dispute [Prime's] status as a party defendant in this action is limited to its role as the liability insurer of motor carrier REY Logistics, Inc." [Doc. 16, p. 3]. Plaintiff has furthermore admitted that "[s]tatements contained within Plaintiff's Complaint such as seeking to recover damages 'caused by the negligence of Defendants' are scrivener's error." [*Id.*]. While Plaintiff has offered to correct the errors by amendment [*Id.*], Plaintiff has thus far failed to do so. Because it appears that the parties agree that there should be no claim against Prime for liability for negligence and vicarious liability, the Court **GRANTS** Prime's Partial Motion to Dismiss as to Plaintiff's claims for direct negligence or vicarious liability against Prime.

    The parties do not agree, however, on whether Prime is subject to an award of attorney's fees under O.C.G.A. § 13-6-11. Prime argues that a claim for litigation expenses under § 13-6-11 requires an underlying cause of action. Essentially, Prime asserts that while the "technical cause of action against Prime may be 'independent,' the *actual* claim for liability upon which Plaintiff brings this lawsuit *cannot* be brought directly against Prime . . ." [Doc. 17, p. 2]. Plaintiff, on the other hand, would have the Court find that Plaintiff does, in fact, have an independent cause of action against Prime

because Georgia's direct-action statute creates an independent cause of action against the carrier's insurer, meaning that Plaintiff could successfully loop Prime into its claim under § 13-6-11. [Doc. 16, pp. 3–4].

The Court, however, is not persuaded by Plaintiff's argument. The Court recognizes that there are situations where litigation expenses under § 13-6-11 may be awarded against an insurer in direct-action cases.[1] The language of the statute provides that if a defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow" expenses of litigation. O.C.G.A. § 13-6-11. For purposes of that statute, "'bad faith' means bad faith in the underlying transaction . . ." *Dickerson v. Am. Nat'l Prop. & Cas. Co.*, No. 3:07-cv-111-CDL, 2009 U.S. Dist. LEXIS 33145, 2009 WL 1035131, at *9 (M.D. Ga. Apr. 16, 2009) (citing *Artzner v. A & a Exterminators*, 242 Ga. App. 766 (2000)). It is certainly plausible that an insurer could commit any number of acts to constitute "bad faith" for purposes of § 13-6-11.[2]

---

[1] When a plaintiff institutes an action under O.C.G.A. § 33-4-6, they are prohibited from also recovering fees under O.C.G.A. § 13-6-11. Balboa Life and Cas., LLC v. Home Builders Finance, Inc., 304 Ga. App. 478, 483 (2010). In this case, however, Plaintiff may not bring a claim under § 33-4-6 as those actions are reserved for conflicts between insureds and their insurer. As such, Plaintiff is not precluded from asking for expenses under § 13-6-11. Dunn v. Columbia Nat'l Ins. Co., 418 F.Supp.3d 1192, 1211 (N.D. Ga. 2019), order vacated in part on reconsideration, No. 2:17-CV-0246-RWS, 2019 WL 13061188 (N.D. Ga. Dec. 12, 2019).

[2] The Court need not answer that question today, though. Even assuming the possibility of § 13-6-11 claims against insurers, Plaintiff failed to allege sufficient facts to support such a claim in this case.

Here, Plaintiff failed to plead a single fact that supports an award of litigation expenses under § 13-6-11 against Prime. A careful review of Plaintiff's Complaint reveals that there are no independent allegations against Prime that point to any prelitigation conduct that would amount to bad faith under § 13-6-11. It appears to be undisputed that Prime had no involvement in the underlying forklift accident that gave rise to Plaintiff's claims. In fact, Plaintiff has alleged no misconduct on the part of Prime whatsoever. Prime is a part of this lawsuit merely as a function of Georgia's direct-action statutes. There is simply nothing tying Prime to any prelitigation bad acts. Without more, the Court cannot say that Plaintiff could possibly be successful in bringing its claim under § 13-6-11 against Prime. As such, the Court **GRANTS** Prime's Partial Motion to Dismiss as to the issue of whether Plaintiff may seek expenses under § 13-6-11 against Prime.

Based on the foregoing, the Court **GRANTS** Plaintiff's Partial Motion to Dismiss [Doc. 13] in full.

**SO ORDERED**, this 29th day of August, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**